**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47043**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 6, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DENNIS JARED PICKETT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Entry of no-contact order, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dennis Jared Pickett pled guilty, pursuant to a binding Idaho Criminal Rule 11 agreement, to possession of a controlled substance with intent to deliver. Idaho Code § 37-2732(a). In the agreement, Pickett stipulated to entry of a no-contact order. The district court imposed sentence and entered the no-contact order stipulated to by the parties. Mindful that he stipulated to the entry of the no-contact order, Pickett argues the district court abused its discretion in entering the order. Pickett contends that possession of a controlled substance with intent to deliver, the crime he pled guilty to, is not a crime enumerated in the no-contact order statute. Pickett's claim is barred by the invited error doctrine.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or

1

acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Pickett stipulated to entry of the no-contact order, he may not complain that the district court abused its discretion in entering the order. Accordingly, entry of the no-contact order is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.